HENRY A. THOMAS, JR. *vs.* D. MORGAN CROSBY, trustee, & others.

Suffolk.     December 13, 1897. — June 25, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trust — Construction of Deed.*

A trust deed was executed by H., providing that, after his death, one third of the net income of the trust property was to be paid to his wife M., and two thirds to his children or their issue, for life; that, if any child died, his portion of the income was to go to the surviving children, unless the child dying left issue, when it was to go to the issue by right of representation; that if all the children and their issue should die, his wife M., if living, was to take the whole income, and if she should die, the children or their issue, if any were living, were to receive the whole income; that on the death of the last survivor of " said wife " and child or children, or within twenty-one years after the death of "said wife and of the child now living," the corpus of the trust was to be conveyed to the children then living and the heirs of such children as had deceased; and that, in the event of the death of "said M. and the child or children of said H." during his lifetime, all the trust property should thereupon be conveyed to H. and the trust should cease. *Held,* that the trust was for the benefit of H., his wife M., and their children, and the issue and heirs of such children, and not for the benefit of another wife of H. or her children.

BILL IN EQUITY, filed May 28, 1897, by a child of Henry A. Thomas and Nellie D. Thomas, his second wife, he having been divorced from his first wife, Mary E. Thomas, against D. Morgan Crosby, trustee, said Henry A. Thomas and Mary E. Thomas, and Fannie E. Fiske, their daughter, to review and vacate a decree of this court entered on August 28, 1896, terminating a trust created by said Henry A. Thomas. Hearing before *Morton,* J., who reported the case for the consideration of the full court. The facts appear in the opinion.

*G. R. Pulsifer,* for the plaintiff.

*J. Willard,* for Mary E. Thomas and Fannie E. Fiske.

*E. B. Callender,* for Henry A. Thomas, Sen., and the trustee.

FIELD, C. J.   The present bill is not strictly a bill of review, because the present plaintiff was not a party to the first suit, or privy to any of the parties, but the bill may be taken as an original bill by a plaintiff who alleges that his rights are affected by the decree entered in that suit, and it partakes somewhat of the nature of a bill of review.   The deed of trust to which the bill relates was of two parcels of land with the buildings thereon, and it was executed by Henry A. Thomas and his wife, who signed it in token of her assent and of her release of all right to dower and homestead.   After making certain provisions for himself, and for himself and his family during his life, he directed the trustee, among other things, as follows :

" On the death of the said Henry A. Thomas to pay the income of said trust estates, after first paying the Interest on said mortgages, Taxes, and Expenses to Mary E. the wife, and to the child or Children of the said Henry A. Thomas as follows, viz.

" One third thereof to the said Mary E. and the remaining two thirds to the Child, or if more than one, to the Children of the said Henry A. the said share to each during their respective lives.   And if either of the Children Dies, his (or her) portion to the Surviving Child or Children, unless he leaves issue, living, who shall then take by right of Representation.   But if all the children and such Issue, or the said Mary E. Decease, either class living, the other, and whether before or after the said Henry A's Death, the surviving class to take the whole income, during the life of any of its members.

" On the Death of the last survivors of said wife and Child or Children, or within twenty one years after the decease of said wife and of the child now living, whichever event shall first happen, then to transfer and convey said trust Estates as then constituted and all accumulations thereof to and among the heirs of said Child or Children of said Henry A. if all be then deceased ; but if not, then to such Children as shall then be living and to the heirs of such as may have deceased in equal shares."

The following clause of the deed of trust is very significant: " In the event of the death of the said Mary E. and the child or Children of said Henry A. during the lifetime of said Henry A., all the trust estate and property then held under this deed of

trust, shall thereupon forthwith be conveyed and transferred to the said Henry A. Thomas, and thereupon this trust shall cease."

The possibility of Henry A. Thomas having children by Mary E. would end with her death; but the possibility of his having children by other women whom he might marry would end only with his death, and there might be a posthumous child. When this deed was executed, Henry A. Thomas's family consisted of himself, his wife Mary E., and one child by her. The trust contemplates that he might have other children, but, we think, other children by Mary E. Thomas. After his death, his wife Mary E. Thomas and his children are to receive the whole income for their lives, Mary E. to receive one third, and the children or their issue two thirds. If any child dies, her or his portion of the income is to go to the surviving children, unless the child dying leaves issue, when it is to go to the issue by right of representation. If Mary E. dies, the children, or the issue of such children, if any are living, are to receive the whole income; and if all his children and their issue die, Mary E., if living, is to receive the whole income. On the death of the last survivor of his wife and child or children, or within twenty-one years after the death of his wife and the child living at the date of the deed, the corpus of the trust is to be conveyed to the children then living, and to the heirs of such children as have deceased.

We regard the deed of trust as a sort of family settlement for himself, his wife Mary E., and the one child, their issue living at the date of the deed, and for any other children issue of himself and his wife Mary E. who might thereafter be born, and the issue and heirs of such child or children; but the trust, we think, is not for the benefit of another wife, or for children by another wife. Under this construction of the deed of trust, the plaintiff has no interest in the trust, and cannot impeach the decree entered in the first suit.

In the present suit, a guardian *ad litem* or next friend has been appointed to represent persons not ascertained, or not in being, pursuant to St. 1896, c. 456. It does not appear that any such guardian *ad litem* or next friend was appointed in the first suit. Whether, if Fannie E. Fiske should die before the provision for the conveyance of the corpus of the trust to her heirs took effect, and should leave issue, and her mother should

survive her father, such issue would not be beneficiaries under the trust ; or whether on the death of Mary E. Thomas and of Fannie E. Fiske, her father having died while one or both were living, the heirs of Fannie E. Fiske would not be beneficiaries, we cannot consider under the present bill. If the trustee has any doubt whether he would be protected against the claim of such issue or heirs by the decree in the former suit, if he obeys the decree, it is for him to ask to have that decree reviewed. The present bill must be dismissed, because the plaintiff has no standing in court.                                        *So ordered.*